# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KARL RAYMOND BERTLING,<br><br>    Defendant. | No. 05MJ225<br><br>**DETENTION ORDER** |

     This matter came on for hearing on September 25, 2003, pursuant to 18 U.S.C. § 3142(f), to determine whether the Government was entitled to a detention hearing. Assistant United States Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Karl Raymond Bertling ("Bertling") appeared in person with his attorney, Reese Conrad Douglas. The Government offered the testimony of ATF Agent Zane Dodds.

     Bertling is charged with being an unlawful user of a controlled substance in possession of ammunition that was shipped or transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(3). The ammunition was found by officers during execution of a search warrant at Bertling's residence. In addition, officers have statements from two cooperating witnesses that they had used methamphetamine with, and/or bought methamphetamine from, Bertling recently.

     The Government contends a serious risk exists that Bertling will "threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness," if he is released. The evidence at the hearing, as well as the Affidavit in support of the Criminal

Complaint in this case, indicates Bertling and his brother, Vincent Bertling ("Vincent"), discussed the possible murder of two witnesses against Vincent during a telephone conversation on December 7, 2005, at approximately 1:55 p.m. The phone conversation was recorded when Vincent called his brother from the Woodbury County jail.

In addition, the evidence indicates one of the cooperating witnesses was visibly fearful during his interview with officers, and stated he did not want to "end up dead" by talking with law enforcement about Bertling.

The court found the evidence indicated the existence of a serious risk Bertling would, or would attempt to, threaten, intimidate, or injure a prospective witness if released. Therefore, the court held a detention hearing pursuant to 18 U.S.C. § 3142(f), to determine whether any condition or combination of conditions of release would reasonably assure the appearance of Bertling as required and the safety of any other person and the community.

Viewing the evidence as a whole, the court finds there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community, and therefore orders as follows:

1. Bertling is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Bertling reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Bertling to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Bertling must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 12th day of December, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT